# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Delonda Lott,

    Plaintiff,

v.

HOVG, LLC d/b/a Bay Area Credit Service

    Defendant.

Case No.:

**COMPLAINT**
**WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

This action for damages is based on Defendant's frequent and unauthorized calls to Plaintiff's cellular telephone to collect a debt.  The Plaintiff is a single-mother of limited financial means. She is able to obtain cellular service through a "pre-paid" phone program. Accordingly, every call carries a cost to the Plaintiff. Plaintiff seeks monetary relief based on Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 27 U.S.C. § 227.

## PARTIES

1. Plaintiff, Delonda Lott, is natural person who resides in Fayette County, Georgia.

2. Plaintiff is the subscriber for the cellular telephone with the number 404-***-2781.

3. Plaintiff is allegedly obligated to pay a debt and is therefore a "consumer" as

that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, HOVG, LLC d/b/a Bay Area Credit Service (hereinafter "HOVG") does business in Georgia.

## JURISDICTION AND VENUE

5. Because this case arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, jurisdiction of this Court arises under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this Court because a substantial part of the claim arose in Georgia, and all Defendants "reside" in Georgia, as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

7. Defendant is a debt buyer and engages in the collection of debt it buys on the secondary and tertiary markets as wells as collecting for debt still held by third parties.

8. Defendant uses interstate commerce or mail in business the principal purpose of which is the collection of any debts and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant is subject to the provisions the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

10.     In or about October, 2014, Plaintiff began receiving calls on her cellular telephone, phone number 404-***-2781, from Defendant, in which Defendant and Defendant's employees and agents informed the Plaintiff that it was seeking to collect a debt.

11.     Defendant failed to meaningfully identify itself in violation of 15 USC §1692d(6).

12.     At the time of the initial phone call received from the Defendant, the Plaintiff disputed the debt and specifically instructed the Defendant not to call her in the future.

13.     Defendant made statements to the Plaintiff to the effect that they would continue to call her until she paid.

14.     After the initial phone call and over the period of the next four months, the Plaintiff received at least 52 similar calls.

15.     After receiving express instructions from the Plaintiff to cease calling her cell phone, Defendant continued to do so in an effort to harass, intimidate and cause emotional and financial damage to the Plaintiff

16.     All of the aforementioned calls were unauthorized and were made in an attempt to collect a debt.

17.     When she answered calls from Defendant, Plaintiff heard pauses and/or clicks, recordings, and a general delay at the beginning of the calls.

18. Upon information and belief, Defendant used an autodialer and or predictive dialing equipment to make its calls to Plaintiff.

19. Plaintiff never provided consent for Defendant to call her on her cell phone.

20. To the extent Plaintiff provided consent to a third-party through whom the Defendant may claim permission or exception to call her on her cell phone, Plaintiff explicitly revoked that consent.

21. Subsequent to her revocation of consent, Plaintiff did not provide additional consent for Defendant to contact her.

22. Defendant's calls to Plaintiff had no emergency purpose.

23. Upon information and belief, frequent, authorized phone calls are Defendant's modus operandi for conducting business.

24. Plaintiff was unable to avoid or escape the Defendant's repetitive calls. Even attempts to "block" the calls still resulted in brief "rings" and other alerts to Plaintiff's phone.

25. Plaintiff carries her cell phone at most times to be accessible to her family, friends and work-place. Calls from Defendant have interrupted and interfered with Plaintiff's daily life, including activities of daily living, interactions with family and friends and work activity.

26. Defendant knew or should have known that it did not have Plaintiff's consent to receive its calls at all. Its repeated calls were therefore willful violations.

27. Defendant's conduct has implications for the consuming public in general and potential negative impact on the consumer marketplace.

28. As a result of Defendant's willful, knowing, and/or negligent actions, Plaintiff is eligible for statutory damages.

29. Also as a result of Defendant's willful, knowing, and/or negligent actions, Plaintiff suffered actual damages, including the consumption of "minutes" in his cellular plan thus requiring her to pay for the calls, emotional distress in managing the persistent calls, and expenses associated with seeking to enforce Defendant's compliance with the law.

## TRIAL BY JURY

30. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. §§ 227(b)(1)(A)(iii)

31. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

32. Defendant willfully and/or negligently violated 47 U.S.C. § 227(b)(1)(A)(iii) by making repeated phone calls to Plaintiff's cellular telephone, without permission or emergency purpose and using an autodialer.

33.   As a result of Defendant's violations of § 227(b)(1)(A)(iii), Plaintiff is entitled to recover statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B).

34.   Defendant's actions were willful and/or knowing, rendering it liable for punitive damages and/or statutory damages pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff prays that judgment be entered against these Defendants for:

    a.) Punitive and/or statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each non-consensual phone call;

    b.) Such other and further relief as may be just and proper.

Respectfully submitted this 18th day of March, 2016.

*/s/ Matthew T. Berry*
Plaintiff's Attorney
Matthew T. Berry, Bar No.: 055663
Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333
matt@mattberry.com